UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 8:15-cr-448-CEH-TGW

JHON CASTILLO VALLEJO
_____/

# ORDER

This matter comes before the Court on Defendant's Motion to Withdraw Plea and/or Specific Performance of Agreement (Doc. 103). In the motion, Defendant requests the Court enter an order allowing him to withdraw his plea of guilty or to otherwise require specific performance by the Government under the terms of the plea agreement. The Government filed a response in opposition (Doc. 105), and Defendant replied (Doc. 106). The Court, having considered the motion and being fully advised in the premises, will deny Defendant's Motion to Withdraw Plea and/or Specific Performance of Agreement.

## DISCUSSION

Defendant, Jhon Castillo Vallejo, was sentenced to a term of incarceration of 120 months and five years' supervised release on March 24, 2016, after pleading guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States. Doc. 70. On April 14, 2017, Defendant filed a motion to compel the Government to file a Rule 35(b)(1) motion on his behalf for his purported substantial assistance in the arrest of

Quijije Chavez Bairon a/k/a Terremoto. Doc. 94. He filed similar motions on September 29, 2017, and April 13, 2018. Docs. 96, 98. In response, the Government stated that while Defendant did provide some historical information about an individual named Byron Cristobal Quijije-Chavez (Chavez), the information was not used by the case agent, and Chavez was already in custody at the time Defendant provided the information. Doc. 101. Accordingly, the Government was not filing a Rule 35 motion as no substantial assistance was provided by Defendant that resulted in the arrest of another. On June 21, 2019, the Court entered an order denying Defendant's motions to compel the Government to file a Rule 35(b)(1) motion on his behalf. Doc. 102.

Now, Defendant, moving *pro se*, again seeks relief on the basis that he provided cooperation to the Government that resulted in the arrest and conviction of Chavez, which he claims the Government has failed to inform the Court of this cooperation he provided. Defendant argues that the Government's violation of his plea agreement provides good cause for him to withdraw his plea. He seeks an evidentiary hearing on the "unkept promise" of the Government that induced Defendant to plead guilty.

In its response, the Government states that it never promised to file a Rule 35 motion on Defendant's behalf and that such term was not a basis of the plea agreement. To the contrary, Defendant specifically acknowledged in the plea agreement that he was "pleading guilty freely and voluntarily without any reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind." Doc. 105 (citing

2

Doc. 33 ¶ B.9). Moreover, Defendant has three times sought to compel the filing of a Rule 35 motion despite the representations in the plea agreement that he would not do so. Finally, the Government submits that it did consider the purported cooperation and given the fact that Chavez was already in custody, the Government concluded no substantial assistance was provided by this Defendant.

The Government argues that Defendant's motion is another attempt to compel a Rule 35 motion, a remedy this Court previously rejected. However, the instant motion acknowledges the court's role is limited absent a claim that the Government's failure to file a Rule 35 motion is based on an unconstitutional motive, which has not been presented here. In that regard, this Circuit has held that judicial review is appropriate only "when there is an allegation and a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation." *United States v. Forney*, 9 F.3d 1492, 1502-1503 (11th Cir. 1993) (citing *Wade v. U.S.*, 504 U.S. 181, 185–86 (1992)). There has been no allegation of a constitutionally impermissible purpose. Thus, to the extent Defendant's motion seeks an order compelling the Government to file a Rule 35(b)(1) motion on his behalf, that relief is denied as previously discussed by the Court in its June 21, 2019 order. *See* Doc. 102. No additional information regarding cooperation by Defendant has been introduced and there has been no claim that the refusal of the Government to file the motion was due to unconstitutional reasons.

As for Defendant's request for an evidentiary hearing and withdrawal of his guilty plea, Defendant's motion similarly fails. Relying on the Supreme Court's

opinion in *Santobello v. New York*, 404 U.S. 257 (1991), Defendant argues he should be allowed to withdraw his guilty plea because the Government violated the terms and conditions of the plea agreement in failing to inform the Court of his cooperation, which cooperation was given predicated on the promise "that he would get a reduction in his custodial sentence if he cooperated with the United States." Doc. 103 at 2. A plea must be voluntary and knowing, and "if it was induced by promises, the essence of those promises must in some way be made known" to the Court. *Santobello*, 404 U.S. 257, 261–62 (1971). As discussed in the Government's response, no such promise of a reduction in sentence or a promise to file a Rule 35 motion was made. To the contrary, the Defendant specifically acknowledges in the plea agreement that

> [D]efendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind.

Doc. 33 at 16. In the plea agreement, the Government agrees to consider whether Defendant's cooperation qualifies as substantial assistance, but regardless, the ultimate determination whether to file such motion rests with the Government. Further, Defendant "agrees that [he] cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise." Doc. 33 at 6. Defendant has challenged on multiple occasions the Government's failure to file a Rule 35 motion, and the Government has responded that based on discussions with the case agent, no substantial assistance was provided.

4

*Santobello* is inapposite to the facts here. In *Santobello*, the Court found that Defendant "'bargained' and negotiated for a particular plea in order to secure dismissal of more serious charges, but also on condition that no sentence recommendation would be made by the prosecutor." *Santobello*, 404 U.S. 257, 262. Following a series of delays and changes in counsel, the *Santobello* prosecutor recommended the maximum one-year sentence, which the court imposed. *Id.* at 258–60. On appeal, the Supreme Court vacated the judgment due to the prosecutor's recommendation at sentencing, which directly contradicted the plea deal that no sentence recommendation would be made by the prosecutor. *Id.* at 263. In contrast here, there is no evidence of a promise to the Defendant as it relates to cooperation. The Government agreed to consider his substantial assistance, which it did, but found no substantial assistance provided. Defendant's motion is due to be denied.

Accordingly, it is hereby

**ORDERED**:

1. Defendant's Motion to Withdraw Plea and/or Specific Performance of Agreement (Doc. 103) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on December 23, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties